**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff/Appellant,**

v.

**Pauline TURNER, et al., Defendant/Respondent.**

No. 59327.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 24, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 18, 1991.

Application to Transfer Denied March 24, 1992.

Sharon E. Wilkes, St. Louis, for plaintiff/appellant.

Gretchen Myers, St. Louis, for defendant/respondent.

GRIMM, Presiding Judge.

American Family Mutual Insurance Company issued an automobile insurance policy to Pauline and Charles Turner, which includes underinsured motorist coverage. Mrs. Turner was involved in an automobile collision in which she allegedly sustained serious injuries.

American Family filed a declaratory judgment action regarding the interpretation of the underinsured motorist coverage. The trial court found the policy to be ambiguous and held the Turners were entitled to coverage in excess of that paid by the other party involved in the collision. In the alternative, the trial court applied a "rea-sonable expectations" test and reached the same result. American Family appeals; we affirm.

## I. Background

In the underlying action against Daniel Dalton and American Family, the Turners allege that on February 9, 1989, a vehicle driven by Dalton crossed over a median and hit Pauline Turner's vehicle head on. They allege Mrs. Turner sustained damages in excess of $100,000.

Dalton had an automobile insurance policy with a $100,000 limit. His insurer paid the policy limit to the Turners.

The Turners have an automobile insurance policy with American Family. The policy includes underinsured motorist coverage of $100,000 per person and $300,000 per occurrence. The Turners pay a separate premium for this coverage.

American Family claims the $100,000 payment by Dalton's insurer fully offsets American Family's $100,000 obligation under its underinsurance coverage. As a result, it denies any obligation for Mrs. Turner's damages.

The underinsured motorists coverage is set forth in a separate endorsement to the basic seven-page family car policy. The following policy provisions are the focus of the dispute:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT ONLY

> 3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident *which provides bodily injury liability limits less than the damages an insured person is legally entitled to recover.* (emphasis added).

LIMITS OF LIABILITY

> Any *amounts payable* will be reduced by:

(1) A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle. (emphasis added).

## II. Existence of Ambiguity

American Family's first point on appeal alleges the trial court erred in finding the set-off to be ambiguous. It contends the "policy language at issue is unambiguous and clearly states that the underinsured motorist benefits available are to be reduced by the amount of money the insured receives from or on behalf of the person who may be legally liable for causing injury to the insured." We disagree.

### A. Rules of Interpretation

"The interpretation of the meaning of an insurance policy is a question of law." *Krombach v. Mayflower Ins. Co.*, 785 S.W.2d 728, 731 (Mo.App.E.D.1990).

■ Missouri does not mandate underinsured motorist coverage. It is purely optional and governed by the rules of contract. *Hempen v. State Farm Mutual Automobile Ins. Co.*, 687 S.W.2d 894, 894–95 (Mo.banc 1985); *Tegtmeyer v. Snellen*, 791 S.W.2d 737, 740 (Mo.App.W.D.1990).

■ Where an insurance policy is unambiguous, it will be enforced as written absent a statute or public policy requiring coverage. *Rodriguez v. General Accident Ins. Co. of America*, 808 S.W.2d 379, 382 (Mo.banc 1991). "An ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract." *Id.* "In interpreting whether the language used in the policy is ambiguous, the words will be tested in light of the meaning which would normally be understood by the layperson who bought and paid for the policy." *Krombach*, 785 S.W.2d at 731.

■ Because an insurance contract is designed to furnish protection, it will be interpreted to grant coverage rather than defeat coverage. *Id.*

### B. Discussion

■ Our supreme court recently upheld the use of set-offs in underinsured motorist policies. *Rodriguez*, 808 S.W.2d at 382. In *Rodriguez*, the policy defined "underinsured motor vehicle" as

a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident *but its limit for bodily injury liability is less than the limit of liability for this coverage.*

*Id.* at 381 (emphasis added).

In *Rodriguez*, the vehicle which collided with the Rodriguezes' vehicle had $50,000 coverage. The Rodriguezes' policy had $50,000 underinsured coverage. The Rodriguezes' policy defined an underinsured motor vehicle as a vehicle whose limits are "less than the limit of liability for this coverage." Because the other vehicle did not have limits "less than" those of Rodriguez, the other driver was "not an underinsured motorist as defined by the Rodriguezes' policy." *Id.* at 382.

Further, the limit of liability provision of the Rodriguezes' policy provided that "the limit of liability shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." The court found this provision "reinforces this definition of underinsured motorist." *Id.*

The American Family policy differs from the *Rodriguez* policy. The *Rodriguez* policy restricts coverage to persons whose policy limits are "*less than the limit of liability for this coverage.*" The policy here grants underinsured coverage when the other driver's policy "provides bodily injury liability limits *less than the damages* an insured person is legally entitled to recover." (emphasis added). Thus, under a *Rodriguez* type policy, if the other motorist pays as much or more to the insured for bodily injury as the insured has underinsured motorist coverage, the insured is not entitled to recover under the underinsured coverage.

However, under the policy here, the insured is entitled to recover "the damages

an insured is legally entitled to recover." For example, assume the Turners are "legally entitled to recover" $200,000 for the damages they sustained. Dalton's insurer has paid $100,000 of those damages, leaving unpaid $100,000 of damages the Turners "are legally entitled to recover." The unpaid damages would be paid by American Family under its underinsured motorist coverage because Dalton's policy "provides bodily injury liability limits less than the damages" the Turners sustained.

Further, the *Rodriguez* and American Family policy set-off provisions differ. In *Rodriguez*, the "limit of liability" was reduced by all sums paid by or on behalf of the other party. Here, however, the "Limits of Liability" section says "Any *amounts payable* will be reduced by...."

The Wisconsin Supreme Court has determined the term "amounts payable" is ambiguous. It held that the term refers to the amount of damages legally due to the insured rather than the insured's policy limit. *See, e.g., Kaun v. Industrial Fire and Casualty Ins. Co.*, 148 Wis.2d 662, 436 N.W.2d 321, 324–25 (1989); *Wood v. American Family Mutual Ins. Co.*, 148 Wis.2d 639, 436 N.W.2d 594, 599–600 (1989).

On the other hand, an Indiana Court of Appeals has held the term is unambiguous. *Tate v. Secura Ins.*, 561 N.E.2d 814, 818 (Ind.App.1990). It held the term "unambiguously refers to the policy limits." *Id.*

We find that in the context of the policy, the term is ambiguous. In such a situation, the construction most favorable to the insured must be adopted. *Krombach*, 785 S.W.2d at 731. In the context of this case, we find "amounts payable"—the amount American Family is obligated to pay—means the determined amount of damages for bodily injuries the Turners sustained, reduced by $100,000, the amount paid by Dalton's insurer. Of course, in no event is American Family obligated to pay the Turners an amount in excess of its underinsured coverage of $100,000 per person and $300,000 per occurrence.

The term "amounts payable," as used in the Turner policy, is an ambiguous term, and should be interpreted to favor the insured. *See Krombach*, 785 S.W.2d at 731. Thus, we hold "amounts payable" refers to the damages legally due the insured. Point denied.

### III. Other Points

American Family's second point on appeal alleges error in the trial court's alternative holding wherein the court adopts the reasonable expectations doctrine. Because we affirm on the first point, we do not reach this issue.

The final point challenges the trial court's judgment because the judgment stated "the Turners' injuries and damages are in excess of [Dalton's] policy limits." American Family argues this "factual finding" is not supported by evidence.

The trial court's judgment was based solely on the allegations of Turner's petition. The statement must be read in context; it means only that if the Turners sustained damages in excess of $100,000, Dalton's vehicle was an underinsured motor vehicle within the meaning of American Family's policy. The statement is not a finding of fact that the Turners sustained damages in excess of $100,000. Point denied.

The trial court's judgment is affirmed.

SATZ and CRANDALL, JJ., concur.