**Robert ADDISON, Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a Corporation, Defendant/Respondent.**

No. 68337.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 11, 1996.

Case Transferred to Supreme Court April 23, 1996.
Case Retransferred to Court of Appeals Nov. 19, 1996.
Original Opinion Reinstated Nov. 27, 1996.

Wilburn, Suggs & Watkins, Earl B. Wilburn, St. Louis, for Appellant.

Evans & Dixon, Gerre S. Langton & Joan B. Bernstein, St. Louis, for Respondent.

KAROHL, Judge.

Robert Addison, insured, appeals summary judgment in favor of insurer, State Farm Mutual Automobile Insurance Company (State Farm). Insured claims the court misinterpreted the policy and erred by granting set-offs against the limit of liability rather than against damages. We affirm.

There is no dispute Addison was seriously injured on April 1, 1988, in a motor vehicle collision. Cynthia Hunt's negligence caused the injuries. Addison obtained a judgment against Hunt for $400,000. Addison's State Farm policy defined Hunt as an underinsured motorist because she had a policy with $50,000 liability limits and Addison's State Farm policy provided underinsured motorist coverage of $100,000 for injury to one person. It also provided:

**Limits of Liability**

**Coverage W**

1. The amount of coverage is shown on the declarations page under "Limits of Liability—W—Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* under any worker's [sic] compensation, disability benefits, or similar law.

Hunt's insurance company paid her policy limit of $50,000 on the judgment. Addison received $179,143.77 on his workers' compensation claim. State Farm contends the $179,143.77 received by Addison must be deducted from the limit of liability for underinsured motorist coverage, $100,000, leaving nothing due to insured. The trial court agreed and entered judgment for State Farm.

Addison contends the $229,143.77 received should be subtracted from his total damages of $400,000, leaving him $170,856.23 short of the judgment amount. Thus, he contends he is entitled to the full $100,000 coverage of his policy.

When considering appeals from summary judgments, the court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.*

In 1991, the Missouri Supreme Court addressed the issue of underinsured motorist coverage in *Rodriguez v. General Accident Insurance Company of America*, 808 S.W.2d 379 (Mo. banc 1991). In *Rodriguez* the court found the $50,000 paid to plaintiff by the liable tortfeasor's insurer must be subtracted from insured's policy limit of liability before stating the extent of the claim for underinsured motorist coverage. *Id.* at 382. Provisions of the policy in *Rodriguez* were:

LIMIT OF LIABILITY

\* \* \* \* \* \*

*However, the limit of liability shall be reduced by all sums paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible.*

*Id.* at 381. (Emphasis added).

The court found:

> The contract provides that "the limit of liability shall be reduced by all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible." The effect of this provision is to set-off the $50,000 paid by [tortfeasor's] insurer against the $50,000 coverage provided by the respondent. The underinsured motorist coverage, therefore, is not excess coverage.... Instead, that coverage provides a total amount of protection to be paid to the Rodriguezes if other persons legally responsible for Mrs. Rodriguez' injuries have lesser liability limits than those provided under the Rodriguezes' underinsured motorist coverage.

*Id.* at 382.

The court interpreted the *Rodriguez* reduction provisions to mean the recovery from others legally liable would be subtracted from plaintiff's stated policy limit to reach a balance, if any, owed under plaintiff's underinsured motorist coverage. The amount of damage is irrelevant. The State Farm policy provides for an offset of workers' compensation recovery against "any amount payable under this coverage." To determine "amount payable under this coverage," we refer to the declarations page and find the stated limit is $100,000 for all damages due to bodily injury. Addison received the workers' compensation in excess of that limit. State Farm owes nothing to Addison as underinsured motorist coverage.

A similar issue of whether policy language provided a set-off from damages or from limit of liability was addressed in *American Family Mut. Ins. Co. v. Turner*, 824 S.W.2d 19 (Mo.App.1991). In *Turner*, this court affirmed a judgment in favor of an insured whose policy was similar to Addison's. *Id.* at 22. Each defined an underinsured motorist as one whose policy limit of liability is less than damages sustained by the insured. *Id.* However, under limit of liability, the *Turner* policy was different. It provided "Any amounts payable will be reduced by...." The court found "amounts payable" to be ambiguous and interpreted the policy in favor of the insured. *Id.* Here, under limit of liability, the policy stated the amount of coverage was the amount shown on the declarations page for one person, $100,000. The policy further stated "Any amount payable under this coverage shall be reduced by any amount paid ... under any worker's [sic] compensation." Here, the specified policy coverage is $100,000. The "coverage [$100,000] shall be reduced by any amount paid ... under any worker's [sic] compensation ... law." The ambiguity in the *Turner* policy is not present here. Thus, *Turner* is not controlling here.

We affirm.

REINHARD, P.J., and DOWD, J., concur.