**Linda BUCK, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

**No. 68614.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 2, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 6, 1996.

Stephen Charles Moore, Clayton, for appellant.

Theodore G. Pashos, St. Louis, for respondent.

CRAHAN, Presiding Judge.

Linda Buck ("Insured") appeals the summary judgment entered in favor of American Family Mutual Insurance Company ("American Family") on her claim for underinsured motorists coverage. We reverse and remand.

■ On August 7, 1991, Insured was a passenger in a motor vehicle she did not own that was involved in an accident with a car operated by Olivia Huelsing. Huelsing's automobile insurer paid Insured its policy limit of fifty thousand dollars ($50,000). Insured was covered under an automobile insurance policy issued by American Family which provided underinsured motorists coverage of $50,000 for each person. Insured contends she is entitled to payment under this provision because her damages exceeded $100,000. The issue is whether American Family is entitled to a set-off for the payment made by Huelsing's insurer.

The underinsured motorists provisions of Insured's policy are set forth in a separate endorsement to the basic automobile policy. The following provisions are the focus of the dispute:

> We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.
>
> \*    \*    \*    \*    \*    \*
>
> We will pay under this coverage only after the limits of liability under any bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.
>
> \*    \*    \*    \*    \*    \*

ADDITIONAL DEFINITIONS USED IN THIS ENDORSEMENT ONLY

> 3. Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits *less than the damages* an insured person is legally entitled to recover. (emphasis added).
>
> \*    \*    \*    \*    \*    \*

LIMITS OF LIABILITY

> The limits of liability will be reduced by:
>
> 1. A payment made or amount payable by or on behalf of any person or organization which may be legally liable, or under

any collectible auto liability insurance, for loss caused by an accident with an underinsured motor vehicle.

\* \* \* \* \* \*

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–America Marine Supply,* 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.*

The interpretation of the meaning of an insurance policy is a question of law. *American Family Mut. Ins. Co. v. Turner,* 824 S.W.2d 19, 21 (Mo.App.1991). When evaluating the meaning of an insurance policy an ambiguity arises when there is duplicity, indistinctness, or uncertainty in the meaning of words used. *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210 (Mo. banc 1992). Courts will not create an ambiguity in order to distort the language of an unambiguous insurance policy. *Rodriguez v. General Accident Ins. Co.,* 808 S.W.2d 379, 382 (Mo. banc 1991). However, where provisions of an insurance policy are ambiguous, they are construed against the insurer. *Krombach,* 827 S.W.2d at 210. Further, an ambiguous provision of a policy designed to cut down, restrict, or limit insurance coverage already granted, or introducing exceptions or exemptions must be strictly construed against the insurer. *Id.* at 210–211.

American Family concedes that Insured was injured as the result of a collision with an underinsured motor vehicle as defined in the policy. American Family maintains, however, that it owes Insured nothing by reason of the set-off provision set forth above under the heading "LIMITS OF LIABILITY" which states that "The limits of liability will be reduced by: ...." According to American Family, the limits of liability to be reduced necessarily refers to the limits of liability for underinsured motorists coverage as shown on the declarations page of the policy. The declarations page contains a heading "COVERAGES AND LIMITS PROVIDED" followed by a listing of various coverages and the premium applicable to each

coverage. Among the coverages and limits listed is the following:

ENDORSEMENTS—SEE BELOW

UNDERINSURED MOTORISTS COVERAGE—BODILY INJURY ONLY

$50,000 EACH PERSON $100,000 EACH ACCIDENT

A separate premium is listed for this coverage. Because Insured in this case concedes that she has already received $50,000 from the underinsured motorist's carrier, American Family reasons that the plain and unambiguous terms of the policy require that this amount be set-off against the $50,000 each person limit of Insured's underinsured motorists coverage, thus relieving American Family of any liability as a matter of law. We disagree.

Although American Family's interpretation appears reasonable if the "LIMITS OF LIABILITY" provision for set-off is considered in isolation, it is not reasonable in the context of the policy as a whole because it would render illusory the very coverage the policy purports to provide. The language of the underinsured motorists endorsement expressly defines an underinsured motor vehicle as a vehicle insured with less coverage than the damages suffered by the insured. Because the amount of coverage on the underinsured vehicle must be deducted from the insured's damages to determine whether the vehicle is underinsured and thus covered by the policy, to again deduct any payments made pursuant to the coverage on the underinsured vehicle effectively counts the same coverage twice. The effect is to render the policy duplicitous. There must always be at least some coverage on the underinsured vehicle in order to trigger the underinsured motorists coverage,[1] yet the amount of coverage on the underinsured vehicle would always be set-off to reduce the stated policy limits for underinsured motorists coverage. In the context of this case, this would mean that none of the damages in excess of the other driver's policy limits would be covered, even though the policy requires that there be at least some damage in excess of those

1. A vehicle with no coverage would be an "uninsured" motor vehicle, triggering a separate unin-

sured motorists coverage for which a separate premium is paid.

limits before the vehicle is deemed "underinsured," thereby triggering the underinsured motorists coverage in the first place. Thus, the policy as interpreted by American Family would completely take away on the one hand what it purports to offer with the other.

In support of its proffered construction of the set-off provision, American Family contends that the "LIMITS OF LIABILITY" language in the instant policy is indistinguishable from similar set-off language found to be unambiguous in *Rodriguez v. General Accident Ins. Co.*, 808 S.W.2d at 379 (Mo. banc 1991). Although we agree that the set-off provision construed in *Rodriguez* is virtually the same as the language found in the policy at issue in this case, we cannot agree that *Rodriguez* is controlling. In *Rodriguez*, the policy defined an underinsured motor vehicle as a vehicle whose limits for bodily injury liability are *"less than the limits of this coverage."* 808 S.W.2d at 382. (emphasis added). Because the tortfeasor's vehicle in *Rodriguez* was insured for the same amount as the insured's vehicle, the tortfeasor was not an underinsured motorist under the terms of the policy. *Id.* Given that definition of an underinsured motorist, the Missouri Supreme Court held that the set-off provision, reducing the limits of liability by "all sums paid because of the 'bodily injury' by or on behalf of persons or organizations who may be legally responsible," reinforced the definition of underinsured motorist set forth in the policy and thus was neither ambiguous nor misleading. *Id.* at 382–83. In contrast, the policy in this case defines an underinsured motor vehicle as one whose limits for bodily injury liability are *"less than the damages* an insured person is legally entitled to recover."* (emphasis added). To interpret the set-off provision to reduce the insured's underinsured motorists coverage by the amounts received from the tortfeasor's carrier would not reinforce this definition of underinsured motor vehicle; it would render it, at best, ambiguous and, at worst, deceptive. Thus, we find *Rodriguez* does not support or require the construction urged by American Family.

A more instructive case on the issue presented is *American Family Mut. Ins. Co. v. Turner*, 824 S.W.2d 19 (Mo.App.1991). *Turner* construed a policy identical in all material respects to the instant policy except for the set-off provision. We specifically noted the aforementioned distinction between a policy that grants coverage when the other driver's liability limits are *less than the damages* an insured is legally entitled to recover and a *Rodriguez*-type policy which grants coverage when the other driver's liability limits are *less than the limits of this coverage.* 824 S.W.2d at 21. We held that when the policy defines coverage by reference to the damages an insured is legally entitled to recover, the effect is to provide coverage for the damages not covered by the other driver's policy, up to the stated policy limits of the underinsured motorists coverage. *Id.* at 21–22.

■ *Turner* also rejected American Family's attempt to apply a set-off provision to defeat coverage on the ground that the language of the set-off provision was ambiguous. Although the set-off language at issue in *Turner* was different from the language employed in this case, we likewise hold that the set-off language of the instant policy may not properly be applied to defeat coverage on the facts presented in this case. Although as discussed above we do not find the language of the set-off provision to be ambiguous in the abstract, to apply this language in the manner urged by American Family would render the policy as a whole duplicitous and deceptive. Accordingly, we hold that under the policy language set forth verbatim above, Insured is entitled to underinsured motorists coverage for all damages she is legally entitled to recover in excess of the amounts she has recovered from Ms. Huelsing's insurer, up to the $50,000 underinsured motorists coverage limits stated in the policy. Because the summary judgment below was predicated on the assumption that the set-off provision eliminated American Family's obligation altogether, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

CRANDALL and KAROHL, JJ., concur.