11 F.Supp.2d 1096 (1998)
TRAVELERS INDEMNITY COMPANY OF AMERICA, Plaintiff,
v.
DAVID C. GIBSON, INC. et al., Defendants.
No. 4:97CV2604 CDP.
United States District Court, E.D. Missouri, Eastern Division.
July 23, 1998.
*1097 Theodore J. MacDonald, Jr., Partner, Burroughs and Hepler, Edwardsville, IL, for Plaintiff.
Joseph J. Porzenski, Ryan and Porzenski, St. Charles, MO, John D. Anderson, Herman Praszkier, Anderson and Associates, St. Louis, MO, for David C. Gibson, Inc.
John D. Anderson, Herman Praszkier, Anderson and Associates, St. Louis, MO, for Carol L. Cries.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on the parties' cross-motions for summary judgment.
Plaintiff Travelers Indemnity Company of America (Travelers) filed this declaratory judgment action seeking a determination of the parties' rights and liabilities under the Underinsured Motorists provisions of a commercial automobile insurance policy. Defendants are David C. Gibson, Inc., (Gibson) the policy holder, and Carol Cies,[1] the wife of decedent Thomas Cies, a Gibson employee who died as a result of an accident while driving a Gibson vehicle. The parties agree that there are no material factual disputes and that the outcome of this matter depends upon the interpretation of policy provisions.

I. Relevant Factual Background

Thomas Cies was an employee of David C. Gibson, Inc. On August 15, 1996, Mr. Cies was killed in a collision with a vehicle driven by Warren Niewig. At the time of the accident, Gibson's vehicles were covered by a commercial automobile policy issued by Travelers. Travelers acknowledges that the policy covered Mr. Cies.
Gibson and Mrs. Cies sought payment in the amount of $949,999.99 pursuant to the Underinsured motorist provisions of the Travelers policy. Travelers asserts that recovery under the Underinsured Motorists provisions is limited to $50,000, that the recovery is offset by payment from other sources, and that Carol Cies received $50,000 from Niewig and his insurer. Thus, Travelers contends, Gibson and Cies are entitled to nothing. Gibson and Cies acknowledge that Cies received $50,000 but counter that the Underinsured Motorist coverage is excess coverage and thus not subject to offset. Gibson and Cies argue in the alternative that the policy is ambiguous and should be construed against Travelers.
The insurance policy at issue was a "Business Auto Coverage" policy, with "Missouri Underinsured Motorists" provisions. The limit of insurance under the Underinsured Motorists provision is $50,000. The relevant sections of the Underinsured Motorists provisions are as follows:
A. COVERAGE
1. We will pay all sums the "insured" is legally entitled to recover ... from the owner or driver of an "underinsured motor vehicle." ...
. . . . .
D. LIMIT OF INSURANCE
. . . . .
2. The Limit of Insurance under this insurance shall be reduced by:
. . . . .
b. All sums paid by or for anyone who is legally responsible, including all sums paid under this policy's LIABILITY COVERAGE.
. . . . .
E. CHANGES IN CONDITIONS
The CONDITIONS are changed for MISSOURI UNDERINSURED MOTORISTS COVERAGE as follows:
1. OTHER INSURANCE in the Business Auto ... Form[] is replaced by the following:
If there is other applicable insurance available under one or more policies or provisions of coverage:
. . . . .
b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorists insurance *1098 providing coverage on a primary basis.
F. ADDITIONAL DEFINITIONS
. . . . .
3. "Underinsured motor vehicle" means a land motor vehicle or trailer for which the sum of all liability bonds or policies provides at least the amounts required by the applicable law ... but that sum is less than the Limit of Insurance of this coverage.
. . . . .

II. Discussion

As a preliminary matter, the Court notes that Missouri law applies to this diversity case. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Defendants' arguments that the plaintiff's choice of a federal forum for this state-law suit somehow changes the applicable law is baseless.
Travelers contends that the Underinsured Motorists coverage must be offset by any amounts received from Niewig and his insurer. Gibson and Cies counter that the policy language is ambiguous and should be interpreted to provide coverage in excess of any amounts already received.
A court may not create an ambiguity in order to distort the language of an unambiguous insurance policy. Rodriguez v. General Accident Insurance Co., 808 S.W.2d 379, 381 (Mo.1991) (en banc). Where the provisions of an insurance contract are ambiguous, however, they are construed against the insurer. Zemelman v. Equity Mut. Ins. Co., 935 S.W.2d 673 (Mo.Ct.App.1996). Language that is reasonably open to two different constructions is ambiguous and will be given the meaning that would ordinarily be understood by the layman who bought and paid for the policy. Id. (quoting Robin v. Blue Cross Hosp. Serv., Inc., 637 S.W.2d 695, 698 (Mo.1982) (en banc)).
The Missouri Supreme Court examined underinsured motorists provisions in Rodriguez, supra. The Court determined that substantially similar underinsured motorists and limitation of liability clauses were not ambiguous and that the insurer was entitled to offset any recovery from a tortfeasor against any payment under its policy. Id. 808 S.W.2d at 382. Travelers relies on Rodriguez to argue that Cies is not entitled to any recovery because the $50,000 Limit of Insurance must be offset by the $50,000 payment she recovered from Niewig.
Subsequent to Rodriguez, various panels of the Missouri Court of Appeals have been asked to consider provisions beyond those addressed by the Missouri Supreme Court. See Lang v. Nationwide Mut. Fire Ins. Co., 970 S.W.2d 828 (Mo.Ct.App.1998); Goza v. Hartford Underwriters Ins. Co., 972 S.W.2d 371 (Mo.Ct.App.1998); Zemelman v. Equity Mut. Ins. Co., 935 S.W.2d 673 (Mo.Ct.App. 1996). Specifically, the courts have considered whether an "Other Insurance" clause creates an ambiguity when read together with the terms of the Underinsured Motorists coverage.
The Other Insurance provision at issue in Goza and Zemelman stated in relevant part: "If there is other applicable similar insurance we will pay only our share of the loss.... However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance." Goza, 972 S.W.2d at 372; Zemelman, 935 S.W.2d at 677 (emphasis added).[2] Both courts found that the phrase "any insurance we provide for a car you do not own" could reasonably be interpreted by a layperson to include underinsured motorists coverage, and thus to provide coverage in excess to amounts recovered from a tortfeasor.
Travelers argues that the Other Insurance provision in this case is distinguishable from that in Goza and Zemelman because it refers to "other collectible underinsured motorists insurance." Travelers asserts that, because the payment from Niewig's insurer was under his liability coverage, the Other Insurance provision with its reference to excess coverage does not apply to this matter.
*1099 The Court agrees. Under Goza and Zemelman, the first half of the Other Insurance provision in essence reads, "Any [underinsured motorists] insurance we provide ... shall be excess ..." The question created by the specific language of the provision in this matter, however, is what the coverage is in excess to. By its own terms, it is excess only to other underinsured motorists coverage. This language is unambiguous.
By its own terms, the Other Insurance provision does not apply under the facts of this case, as there is no other "collectible underinsured motorist insurance" providing coverage for this loss. Defendants' right to recover thus depends upon the meaning of the Underinsured Motorists and Limit of Insurance provisions, a matter already resolved by the Missouri Supreme Court: Under Rodriguez, the Underinsured Motorists coverage must be offset by the amounts recovered from Niewig, to the limit of $50,000. Defendants agree that they have recovered $50,000 from Niewig. They are therefore entitled to no further recovery under the Underinsured Motorists provisions of the policy in effect.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion for summary judgment [# 14] is granted.
IT IS FURTHER ORDERED that defendants' motion for summary judgment [# 12] is denied.
IT IS FURTHER ORDERED that plaintiff's motion to strike defendant's reply to plaintiff's complaint [# 6] is denied as moot.
NOTES
[1] Mrs. Cies is named individually and as mother of minor children and as personal representative of the estate of Thomas Cies.
[2] The "Other Insurance" provision in Lang was slightly different: "[I]f there is other insurance similar to this coverage under any other policy, we will be liable only for our share of the loss." The provision did not contain a reference to excess coverage and thus could not create a reasonable expectation for such. Lang, 970 S.W.2d at 831.