Armondarez GREEN, Appellant,

v.

**FEDERATED MUTUAL INSURANCE COMPANY, Respondent.**

No. ED 75830.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 16, 1999.

Application for Transfer Denied
Feb. 7, 2000.

Robert W. Ehrig, Clayton, for appellant.

Robert J. Wulff, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

Armondarez Green ("Insured") appeals from the trial court's grant of summary judgment in favor of Federated Mutual Insurance Company ("Insurer") in an action in which Insured, following an automobile accident, sought underinsured motorist ("UIM") benefits under an insurance policy issued to Insured's employer, the Lou Fusz Automobile Dealership ("Lou Fusz"). Insured argues the trial court improperly granted summary judgment to Insurer because of alleged ambiguities in the UIM endorsement. We affirm.

### Facts

Insurer provided UIM protection with limits of liability of $50,000.00 per person/per accident for a 1997 Dodge Intrepid owned by Lou Fusz. The relevant provisions of the UIM endorsement state:

*Other insurance:*

If there is other applicable insurance available under one or more policies or provisions of coverage:

Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible underinsured motorist insurance providing coverage on a primary basis.

*Limit of insurance:*

The Limit of Insurance under this section shall be reduced by:

a. All sums paid or payable under any workers' compensation, disability benefits or similar law, and

b. All sums paid by or for anyone who is legally responsible, including all sums paid under this policy's LIABILITY COVERAGE.

The Insured was driving the 1997 Intrepid in the course of his employment when Ronnie Williams ("Tortfeasor") struck the vehicle head on. As a result of the accident, the Insured sustained serious and permanent injuries. He incurred medical bills of approximately $228,000.00, and his total damages exceeded $500,-000.00.

Tortfeasor's insurance carrier, Windsor Group ("Windsor"), paid the Insured $22,-000.00 on behalf of Tortfeasor. Further, Lou Fusz's workers' compensation carrier paid all of the Insured's medical bills as well as temporary total disability benefits in the amount of $26,000.00.

The Insured filed this action against Insurer seeking the $50,000.00 UIM coverage under the policy issued to Lou Fusz. Insurer filed a motion for summary judgment, claiming that Insured could recover nothing under the UIM coverage as a matter of law. Insurer noted that the UIM coverage was limited to $50,000.00, and that the entire $50,000.00 was offset by the payments Insured received from Windsor and through workers' compensation. The trial court agreed and granted summary judgment in favor of Insurer. Insured timely filed this appeal.

## STANDARD OF REVIEW

As the parties stipulated to the facts, the propriety of the trial court's grant of summary judgment in favor of Insured, which turns upon an interpretation of the meaning of an insurance contract, is purely a question of law, and our review is essentially *de novo*. *Goza v. Hartford Underwriters Ins. Co.*, 972 S.W.2d 371, 373 (Mo. App. E.D.1998). Summary judgment is appropriate only where the moving party has demonstrated that it is entitled to judgment as a matter of law. *Simul Vision Cable Systems Partnership v. Continental Cablevision of St. Louis County,*

*Inc.*, 983 S.W.2d 600, 603 (Mo.App. E.D. 1999).

## *ANALYSIS*

### I.

In his first point on appeal, Insured claims that the "other insurance" provision of the UIM endorsement is ambiguous and should thus be construed in favor of coverage. According to Insured, a layman could reasonably interpret the "other insurance" clause to mean that Insurer's $50,000.00 UIM coverage is payable *in addition to* any amounts received from the tortfeasor's insurer as such an amount would constitute "any other collectible insurance."

In making this argument, Insured relies on *Goza, supra; Zemelman v. Equity Mut. Ins. Co.*, 935 S.W.2d 673 (Mo.App. W.D.1996); and *Jackson v. Safeco Ins. Co. of America,* 949 S.W.2d 130 (Mo.App. S.D. 1997). The courts in these three cases deemed similar "other insurance" language ambiguous as argued here by Insured. However, *Goza, Zemelman* and *Jackson* are distinguishable in that the final sentence of the "other insurance" clause in those cases stated:

However, any insurance we provide with respect to a vehicle you do not own shall be excess over *any other collectible insurance.*

(Emphasis added.) The *Goza, Zemelman* and *Jackson* courts held that a reasonable person could interpret this language to mean that the policy provided UIM coverage over and above any insurance proceeds collected, including amounts recovered from the tortfeasor.

Insurer has eliminated any such ambiguity here, because its language clearly states that the UIM coverage it provides is excess over *only other UIM insurance,* not excess over other collectible insurance of any kind. When confronted with the same issue, the United States District Court for the Eastern District of Missouri

also held language identical to that used by Insurer here unambiguous. *Travelers Indem. Co. of America v. David C. Gibson, Inc.*, 11 F.Supp.2d 1096 (E.D.Mo.1998). We find no ambiguity in Insurer's "other insurance" clause, and Insured's first point of error is accordingly denied.

## II.

Second, Insured urges us to ignore the "limit of insurance" clause, under which Insurer's UIM liability is reduced by all sums paid under workers' compensation law and all sums paid by or for anyone who is legally responsible for the accident. Insured claims the "limit of insurance" clause conflicts with his interpretation of the "other insurance" clause, because it would be inconsistent to allow Insurer to set off amounts recovered under workers' compensation and from Tortfeasor pursuant to the "limit of insurance" clause, when Insurer's UIM coverage is defined in the "other insurance" clause as being excess coverage over "any other collectible insurance."

However, as we have held above, we do not agree with Insured's interpretation of the "other insurance" clause. The clause clearly states that it provides coverage over and above only other UIM coverage. It is not inconsistent with the language of the "other insurance" clause to allow Insurer to deduct amounts recovered under workers' compensation and from Tortfeasor. As we find no conflict between the "other insurance" clause and the "limit of insurance" clause in this case, Insured's second point of error is denied.

## III.

Finally, Insured claims that the "limit of insurance" clause is ambiguous, impossible to calculate and against public policy.

■ Insured initially argues that the phrase "all sums paid or payable under any workers' compensation... law" is ambiguous for several reasons. Insured claims that this clause does not make clear to whom or for whom any deductible workers' compensation benefits could be paid. Insured argues, for instance, that it is unclear whether a deduction would be allowed for workers' compensation benefits paid to anyone in the vehicle at the time of the accident. Insured also claims that the workers' compensation setoff is ambiguous in that it seeks credit for amounts to be paid in the future. Thus, Insured contends that the amount of the deduction is impossible to calculate, as there will be no evidence of the total workers' compensation recovery until years after the injury.

In sum, Insured asserts that the clause is inherently ambiguous, because exactly what sums Insurer could deduct under the clause may be open to interpretation in certain cases. However, Insured has made no specific argument that the clause is ambiguous as applied to the facts of this case. Here, Lou Fusz's workers' compensation carrier paid Insured $26,000.00 in temporary total disability benefits and also paid approximately $228,000.00 in medical bills for Insured. These sums had already been paid at the time the trial court entered summary judgment in favor of Insurer. When Insured's $254,000.00 workers' compensation benefits are deducted from the $50,000.00 in UIM coverage, there is obviously nothing left owing to Insured. There is no ambiguity in the language of the clause as applied in this specific factual situation. We decline to address Insured's hypothetical arguments, because these issues are not ripe for determination under the facts presented.

Further, the cases cited by Insured in support of his argument, *American Family Mut. Ins. Co. v. Turner*, 824 S.W.2d 19 (Mo.App. E.D.1991), *Krombach v. Mayflower Ins. Co., Ltd.*, 827 S.W.2d 208 (Mo. banc 1992), are inapposite. In those cases, the policy language stated that "any amounts payable" will be reduced by workers' compensation benefits and amounts recovered from the tortfeasor. In both cases, the courts held that the phrase "any amounts payable" was ambiguous, as it

could have referred to the amount of damages legally due to the insured or only to the insured's policy limit. In contrast, the policy language at issue here does not state that deductions are to be made from "any amounts payable," but rather specifically states that such deductions are to be made from the UIM limit of liability. Thus, the ambiguity found by the *Turner* and *Krombach* courts is not present in the policy language here.

■ Insured also argues the workers' compensation setoff is contrary to public policy in that the setoff would give Insurer a windfall simply because the accident was also covered by other insurance and workers' compensation laws. In support of this argument, Insured cites several cases striking down clauses attempting to reduce uninsured motorist liability by amounts recovered under workers' compensation as being against public policy. *Cano v. Travelers Ins. Co.*, 656 S.W.2d 266, 270 (Mo. banc 1983); *Douthet v. State Farm Mut. Auto. Ins. Co.*, 546 S.W.2d 156, 159 (Mo. banc 1977). Again, these cases do not aid the Insured. In *Cano* and *Douthet*, the Supreme Court held that allowing a setoff for workers' compensation benefits would violate the public policy as embodied in Section 379.203 RSMo.1994, which mandates that insurers provide uninsured motorist coverage.

However, unlike uninsured motorist coverage, UIM coverage is not mandated by statute. Therefore, there is no clearly stated public policy of the State of Missouri that insurers provide underinsured motorist coverage, and the analysis of *Cano* and *Douthet* is inapplicable. In fact, other jurisdictions that have considered the issue have generally held that where no state statute requires that insurers provide UIM coverage, clauses attempting to reduce an insurer's UIM liability by the amount of workers' compensation benefits paid or payable are held valid and enforceable. *See generally* Jeffrey L. Cole, *Uninsured and Underinsured Motorist Coverage: Validity, Construction, and Effect of Policy Provisions Purporting To Reduce*

*Coverage by Amount Paid or Payable Under Workers' Compensation Law,* 31 A.L.R.5[th] 116, Section 3(a) (1995). Thus, we do not find the "limit of insurance" clause ambiguous or contrary to the public policy of the State of Missouri, and it is therefore valid and enforceable. Point denied.

The trial court's judgment is affirmed.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.