

# Missouri Court of Appeals

## Southern District

### Division Two

GEORGE ARNOLD )
and KRISTINA ARNOLD, )
)
    Plaintiffs-Respondents, )
)
v. )    No. SD36253
)    Filed: July 28, 2020
FARM BUREAU TOWN & COUNTRY )
INSURANCE COMPANY OF )
MISSOURI, )
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable Daniel R. Green, Special Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

George and Kristina Arnold (hereinafter referred to individually by their given names and collectively as the Arnolds) had an automobile insurance policy (the Policy) with Farm Bureau Town & Country Insurance Company of Missouri (Farm Bureau) that included underinsured motorist (UIM) coverage. The Arnolds filed suit against Farm Bureau to recover UIM benefits, which Farm Bureau declined to pay because of a workers' compensation offset provision in the Policy. The trial court ruled that the offset was ambiguous, so it granted the Arnolds' motion for summary judgment and entered judgment

in their favor for $75,000. The issue on appeal is whether the workers' compensation offset provision unambiguously reduced the UIM coverage to zero. Because we conclude that it does, the trial court erred in granting summary judgment to the Arnolds. We reverse and remand with directions to grant Farm Bureau's motion for summary judgment.

### Factual and Procedural Background

On February 1, 2011, George was working as a Missouri Highway Patrol officer. He was involved in a collision with a motor vehicle driven by Karen Chambers (Chambers). She was insured by an automobile liability policy which provided bodily injury coverage in the amount of $25,000 per person.

As a result of the collision, George incurred damages in excess of $250,000. Chambers' insurer paid George the $25,000 policy limit. George also received $149,144.53 in workers' compensation benefits for injuries sustained in the collision.

The Arnolds took the position that Farm Bureau owed $75,000 after the $100,000 UIM limit was reduced by the $25,000 paid by Chambers' insurer. Farm Bureau denied that it owed the Arnolds anything under the UIM coverage.[1]

After the Arnolds filed suit, the parties entered into an agreement that they would file cross-motions for summary judgment, limited to the issue of whether the workers' compensation payments in satisfaction of the Arnolds' workers' compensation claim "reduce the amount payable under the underinsured motorist coverage, and, if so, the

---

[1] The Arnolds claimed they were entitled to $75,000 based on the following formula: George's total damages ($250,000) minus workers' compensation payment ($149,144.53) equals $100,855.47, which is capped at $75,000 after the deduction of Chambers' $25,000 payment from her liability coverage. Farm Bureau claimed the Arnolds were entitled to $0 based on the following formula: limits of liability/amount of coverage ($100,000) minus Chambers' $25,000 payment, and minus $149,144.53 workers' compensation payment, equals a zero amount payable under the UIM coverage.

2

amount of such reduction and whether any of the limit remains." The trial court denied Farm Bureau's motion for summary judgment, granted the Arnolds' motion for summary judgment, and awarded the Arnolds $75,000 in damages. This appeal followed.

## Standard of Review

This Court's appellate review of a grant of summary judgment is *de novo. See Seaton v. Shelter Mut. Ins. Co.*, 574 S.W.3d 245, 246 (Mo. banc 2019). The interpretation of an insurance policy is also a question of law that an appellate court determines *de novo*. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007).

> The interpretation of an insurance contract is a question of law and is given *de novo* review. When interpreting an insurance policy, this Court gives the policy language its plain meaning, or the meaning that would be attached by an ordinary purchaser of insurance. If the policy language is clear and unambiguous, it must be construed as written. An ambiguity exists only if a phrase is "reasonably open to different constructions." Courts may not create an ambiguity when none exists.

*Doe Run Res. Corp. v. Am. Guarantee & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. banc 2017) (citations omitted). "A court is not permitted to create an ambiguity in order to distort the language of an unambiguous policy, or, in order to enforce a particular construction which it might feel is more appropriate." *Id*. at 512 (citation omitted). "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009).

## Discussion and Decision

The parties agree that there is no genuine dispute of material fact. The only question is whether the trial court correctly decided that the language of the offset provision required that the total amount of damages, rather than the UIM policy limit, be offset by the workers' compensation payment to George. The Arnolds were the named insureds on the Policy. It

3

included UIM coverage and had a $100,000 per-person policy limit listed on the declarations page. In relevant part, the UIM coverage states:

> **UNDERINSURED MOTOR VEHICLE**
> …
> **We** will pay damages for **bodily injury** an **insured** is legally entitled to collect from the owner or operator of an **underinsured motor vehicle**.
> …
> **Limits of Liability**
>
> 1. The amount of coverage is shown on the Automobile Declaration under "Limits of Liability – Underinsured Motor Vehicle – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages, including damages for care and loss of services, consortium or death arising out of and due to **bodily injury** to one **person**.
> …
> 3. *Any amount payable under this coverage* shall be reduced by any amount paid or payable to or for the **insured** under any workers' compensation, disability benefits, or similar law.
> …
> 6. The most **we** pay will be the difference between the amount of the **insured's** limit of liability for this coverage and the amount paid to the **insured** by, or on behalf of, all **persons** or organizations who are or may be legally responsible for the **bodily injury**.

(Bold in original; italics added.) According to the Arnolds, the phrase "any amount payable under this coverage" refers to George's total damages. We disagree.

Paragraph 1 of the Limits of Liability unambiguously states that the "each person" UIM limit shown on the declarations page "is the amount of coverage for all damages, including damages for care and loss of services, consortium or death arising out of and due to **bodily injury** to one **person**." Thus, the "amount of coverage" refers not to the amount of the insured's total damages, but instead to the applicable UIM limit. In Paragraph 3, the phrase "any amount payable under this coverage" again refers not to the insured's total damages, but instead to the applicable UIM limit. We conclude that neither phrase

4

referring to the amount of coverage in the Policy is ambiguous. Therefore, Farm Bureau's interpretation of the offset provision was correct.

The eastern district of this Court reached the same conclusion about a UIM workers' compensation offset provision in ***Addison v. State Farm Mut. Auto. Ins. Co.***, 932 S.W.2d 788, 790 (Mo. App. 1996). There, the relevant provisions in the UIM coverage stated:

> **Limits of Liability**
>
> **Coverage W**
>
> 1. The amount of coverage is shown on the declarations page under "Limits of Liability – W – Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person.* Under "Each Accident" is the total amount of coverage for all damages due to *bodily injury* to two or more *persons* in the same accident.
>
> 2. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured* under any worker's [sic] compensation, disability benefits, or similar law.

***Id***. at 789 (italics in original). The eastern district concluded that the offset provision unambiguously reduced the insured's UIM coverage to zero:

> The State Farm policy provides for an offset of workers' compensation recovery against "any amount payable under this coverage." To determine "amount payable under this coverage," we refer to the declarations page and find the stated limit is $100,000 for all damages due to bodily injury. Addison received the workers' compensation in excess of that limit. State Farm owes nothing to Addison as underinsured motorist coverage.

***Id***. at 790.

The Arnolds rely on ***Burns v. State Farm Mut. Auto. Ins. Co.***, 2003 WL 22992100 (E.D. Mo. 2003), an unpublished federal case. In ***Burns***, the district court decided that the phrase "any amount payable under this coverage" in the UIM offset provision was ambiguous. ***Id***. at *3. The trial judge concluded that, "were the Missouri Supreme Court

5

to decide this issue, the limitation language in the Policy would be held insufficiently clear and unambiguous to serve as a coverage limit set-off." *Id*. at *4. We have reviewed *Burns* and find its analysis unpersuasive. Therefore, Farm Bureau's point is granted.

Farm Bureau also appealed from the denial of its motion for summary judgment. The cross-motions for summary judgment were based upon undisputed facts, and the only issue on appeal was the legal question of how the Policy should be interpreted and applied to those facts. "Because the denial of one summary judgment motion leads directly to the conclusion that the other should be granted, we may reach the merits of the denial of [the insurer's] motion." *Lero v. State Farm Fire & Cas. Co.*, 359 S.W.3d 74, 82 (Mo. App. 2011). Accordingly, we reverse the summary judgment in favor of the Arnolds. We remand the case with directions to the trial court to grant Farm Bureau's motion for summary judgment.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

DON E. BURRELL, J. – CONCUR

6