# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2271

_____

| | | |
|---|---|---|
| Marie DeMeo, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| State Farm Mutual Automobile | * | |
| Insurance Company, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 12, 2011
Filed: May 4, 2011

_____

Before WOLLMAN, LOKEN, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

Patrick McGinness, driving a pickup truck owned by his adult daughter, negligently struck and injured pedestrian Marie DeMeo in a marked crosswalk. DeMeo obtained a $350,000 state-court judgment against McGinness. His daughter's insurer, American Family Insurance Company, paid its $100,000 policy limit under the truck owner's policy. McGinness was insured under four policies issued for the four cars he owned by State Farm Mutual Automobile Insurance Company ("State Farm"). Each policy had a liability limit of $50,000, covered McGinness when operating a non-owned vehicle such as his daughter's truck, and included an "anti-stacking" provision. Relying on that provision, State Farm paid DeMeo the limit of

one policy, $50,000. DeMeo then filed this "Petition for Equitable Garnishment," see Mo. Rev. Stat. § 379.200, seeking to recover an additional $150,000, the combined limits of the other three policies. After State Farm removed the action to federal court, the district court granted DeMeo's cross-motion for summary judgment. State Farm appeals. Reviewing the district court's interpretation of the insurance contract *de novo*, as Missouri law requires, we reverse and remand. Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. banc 2009) (standard of review).

## I.

The primary issue on appeal requires us to interpret two provisions contained in a subpart of the State Farm policies entitled, "**If There Is Other Liability Coverage**." One is an "anti-stacking" clause, the other an "excess coverage" clause:

**1.     Policies Issued by Us to You, Your Spouse, or Any Relative**

If two or more vehicle liability policies issued by us to *you* . . . apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.

\*     \*     \*     \*     \*

**3.     Temporary Substitute Car, Non-Owned Car, Trailer**

If a . . . *non-owned car* . . . has other vehicle liability coverage on it . . . then this coverage is excess over such insurance . . . .

State Farm argues on appeal, as it did to the district court, that the anti-stacking clause in Paragraph 1 unambiguously informed its insured, McGinness, that the total amount State Farm would pay under all four policies on account of this accident was the highest limit of liability under any one policy, $50,000.

Relying on three Missouri appellate decisions,[1] the district court concluded that a layperson could reasonably interpret the excess-coverage provision in Paragraph 3 as "indicat[ing] that McGinness' three remaining policies provide *excess* insurance over and above the other applicable coverage." As this is "inconsistent with the anti-stacking clause," the court held, the State Farm policy is ambiguous, ambiguities must be construed against the insurer under Missouri law, and therefore DeMeo may stack the four policies and recover an additional $150,000 from State Farm.

On appeal, State Farm argues the district court committed an error of law in concluding that the otherwise plain language of the anti-stacking clause (Paragraph 1) is rendered ambiguous by the excess-coverage clause (Paragraph 3). When no statute or public policy requires coverage, an unambiguous anti-stacking clause "must be enforced by the courts as written." Hempen v. State Farm Mut. Auto. Ins. Co., 687 S.W.2d 894, 894 (Mo. banc 1985).

In the cases relied upon by the district court, which involved underinsured motorist coverages, and in the more recent case of Durbin v. Deitrick, 323 S.W.3d 122, 127 (Mo. App. 2010), which applied those decisions to an insured's coverage while driving a non-owned vehicle, the excess-coverage clauses provided that the coverage in question was excess over "any other collectible" insurance. See Ritchie, 307 S.W.3d at 137; Durbin, 323 S.W.3d at 124; Chamness, 226 S.W.3d at 201 ("any other similar insurance"); Niswonger, 992 S.W.2d at 315 ("any other similar insurance"). The courts concluded that this reference to "any" insurance was broad enough to permit the policies to operate as excess *to one another*, as well as to other available insurance. This rendered the anti-stacking clauses ambiguous. See Ritchie, 307 S.W.3d at 138.

_____

[1] Ritchie, 307 S.W.3d at 137-38; Chamness v. Am. Family Mut. Ins. Co., 226 S.W.3d 199, 207 (Mo. App. 2007); Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo., 992 S.W.2d 308, 315 (Mo. App. 1999).

By contrast, in this case, Paragraph 3's grant of excess coverage provides that, "If a . . . non-owned car . . . has other vehicle liability coverage . . . then this coverage is excess over *such* insurance." (Emphasis added). The plain meaning of the modifier "such" is, "of the type previously mentioned." New Oxford American Dictionary 1738 (3d ed. 2010); accord. Merriam Webster's Collegiate Dictionary 1247 (11th ed. 2003); Webster's Third New International Dictionary 2283 (1983). In other words, the excess-coverage provision in Paragraph 3 has a specific antecedent -- the non-owned car's "other vehicle liability coverage," here, the daughter's American Family policy covering operation of her pickup truck. This is not an open-ended reference to "any" other insurance. It is specific and definite, like the excess-coverage clauses in Otto v. State Farm Mut. Auto. Ins. Co., 964 S.W.2d 472, 473-74 (Mo. App. 1998), and State Farm Mut. Auto. Ins. Co. v. Sommers, 954 S.W.2d 18, 19-20 (Mo. App. 1997). Therefore, Paragraph 3 does not create an ambiguity that permits a court to ignore the unambiguous anti-stacking clause in Paragraph 1. Under Missouri law, we may not "create an ambiguity in order to distort the language of an unambiguous policy." Rodriguez v. Gen. Accident Ins. Co. of Am., 808 S.W.2d 379, 382 (Mo. banc. 1991).

DeMeo argues that application of the anti-stacking clause in Paragraph 1 is ambiguous when the excess-coverage clause in Paragraph 3 also applies because, unlike the collateral-source clause in Paragraph 2, Paragraph 3 does not begin with the introductory phrase, "Subject to" Paragraph 1. State Farm responds that the cross-reference was necessary in Paragraph 2 because, like Paragraph 1, it addresses the applicable liability limits under the policy, whereas Paragraph 3 "addresses a question of timing and order of payment, and nothing more." More importantly, as we have explained, the word "such" in Paragraph 3 provides a specific cross-reference to "other vehicle liability coverage" that makes the anti-stacking clause in Paragraph 1 unambiguously applicable to the excess-insurance coverage. Even if the addition of "Subject to Paragraph 1" would have made Paragraph 3 more clear, the absence of a

redundant clarifier does not create an ambiguity where none exists.  Cf. Lynch v. Shelter Mut. Ins. Co., 325 S.W.3d 531, 540-41 (Mo. App. 2010).

For these reasons, we reverse the district court's ruling that DeMeo may stack the $50,000 liability limits in each of the four State Farm policies.

## II.

Missouri's Motor Vehicle Financial Responsibility Law (MVFRL), Mo. Rev. Stat. §§ 303.010 *et seq.*, requires that motor-vehicle owners and operators maintain required levels of financial responsibility.  Most people comply by purchasing a motor vehicle liability policy, either an "owner's policy" providing liability coverage for each covered vehicle of at least $25,000 per person and $50,000 per accident, or an "operator's policy" providing liability coverage while operating a non-owned vehicle "subject to the same limits of liability."  Mo. Rev. Stat. §§ 303.190.2 and .3.

Policy provisions are invalid *to the extent that* they conflict with the minimum insurance requirements of the MVFRL.  Halpin v. Am. Family Mut. Ins. Co., 823 S.W.2d 479, 482-83 (Mo. banc 1992).  In her motion for summary judgment, DeMeo argued that the anti-stacking clauses in the four State Farm policies are invalid to the extent they preclude State Farm from paying the MVFRL $25,000 minimum *for each policy*.  Under this alternative theory, DeMeo would be entitled to recover an additional $75,000, rather than the combined limits of the other three policies.  The district court did not decide the issue because it awarded DeMeo the greater sum.  On appeal, she briefed the issue and urges us to decide it if we reverse the $150,000 judgment, noting that it is an issue of law and no facts are disputed.  State Farm, on the other hand, urges us to remand the issue for an initial decision by the district court, which is the normal, but non-mandatory, appellate practice.  See AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 523 (7th Cir. 2001).

We have carefully studied this issue in the interest of avoiding unnecessary litigation expense if it is reasonable to do so. Though it is an issue of law that turns on statutory construction and contract interpretation, reconciling the applicable Missouri appellate decisions is far from easy. DeMeo properly relies on American Standard Ins. Co. v. Hargrave, 34 S.W.3d 88, 91 (Mo. banc. 2000), and Karscig v. McConville, 303 S.W.3d 499, 504 (Mo. banc. 2010), to support her argument that the anti-stacking clauses are against Missouri public policy because *each* of McGinness's owner's policies must provide the minimum MVFRL coverage. In response, State Farm properly relies on First National Ins. Co. of Am. v. Clark, 899 S.W.2d 520, 523 (Mo. banc 1995), and National Union Fire Ins. Co. of Pittsburgh v. Maune, 277 S.W.3d 754, 760 (Mo. App. 2009), in arguing that, having satisfied its minimum MVFRL obligation (indeed, State Farm exceeded the minimum by paying $50,000), it may apply its unambiguous anti-stacking clauses because the MVFRL expressly provides that "any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy . . . shall not be subject to the provisions of [the MVFRL]." Mo. Rev. Stat. § 303.190.7.

We conclude that the issue, which has not been squarely addressed in any of the cited cases, is whether a single insurer, having issued four policies to the owner of four vehicles who then negligently causes an accident while driving a non-owned vehicle, may enforce its anti-stacking clause after it satisfies the minimum MVFRL coverage requirement. On balance, we conclude that this unresolved issue of Missouri law is best decided by the district court in the first instance.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

_____