# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1185

_____

Ronald E. Daughhetee; Melissa L. Daughhetee

*Plaintiffs - Appellants*

Abby Burke

*Plaintiff*

v.

State Farm Mutual Automobile Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 19, 2013
Filed: February 14, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Ronald E. and Melissa L. Daughhetee were injured in a truck accident that killed their daughter Allison. After settling with the tortfeasor, the Daughhetees received payment for underinsured motorist (UIM) coverage from a State Farm policy

insuring their truck. They sued for additional payment under a State Farm policy insuring another vehicle. It had identical UIM coverage. The district court[1] granted State Farm summary judgment, citing anti-stacking language in the policies. The Daughhetees appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In June 2011, the Daughhetees' Ford F-150 truck collided with another vehicle. Ronald was driving the F-150. Passengers included Melissa, and children Abby and Allison. Ronald, Melissa and Abby were injured; Allison died. The Daughhetees settled with the tortfeasor for the full limits of liability coverage.

The F-150 was insured under a State Farm policy with UIM coverage up to $500,000 for all claims arising out of all injuries in one accident. State Farm paid the $500,000 limit of that policy.

The Daughhetees also owned a Hyundai, insured by a separate State Farm policy with identical UIM coverage. They demanded the limit of that policy from State Farm. State Farm refused to pay. The Daughhetees sued in state court for the limit of the Hyundai policy.

In a subsection of the UIM coverage entitled "If Other Underinsured Motor Vehicle Coverage Applies," the Hyundai policy has this "other coverage" provision:

1.     If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car.*

    a. If:

        (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

    then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

    b. If:

        (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

    then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that

may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

    a. If:

        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

    then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

    b. If:

        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

    then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

After removing the case to federal court, State Farm moved for summary judgment, arguing the anti-stacking language of the "other coverage" provision prevents recovery from the Hyundai policy. The Daughhetees moved for summary judgment, arguing the "other coverage" provision is ambiguous and should be construed in favor of coverage. The Daughhetees also asserted that State Farm's construction of the "other coverage" provision renders the Hyundai policy illusory.

The district court granted summary judgment for State Farm. It found that the "other coverage" provision—read in its entirety and context—unambiguously prohibited UIM stacking. The court ruled that such a construction was not illusory.

This court reviews de novo a grant of summary judgment, viewing the record most favorably to the nonmoving party and drawing all reasonable inferences for that party. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). This court reviews de novo the district court's construction of an insurance policy and its interpretation of state law.[2] *Arkansas Power & Light Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 257 F.3d 853, 856 (8th Cir. 2001) (insurance policy); *Salve Regina Coll. v. Russell*, 499 U.S. 225, 239 (1991) (state law).

"'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo.*, 992 S.W.2d 308, 313 (Mo. App. 1999). Because Missouri does not require UIM coverage, "the existence of the coverage and its ability to be stacked are determined

---

[2]The parties agree Missouri law applies.

by the contract entered between the insured and the insurer." ***Rodriquez v. General Accident Ins. Co. of Am.***, 808 S.W.2d 379, 383 (Mo. banc 1991).

Under Missouri law, general rules of contract construction apply when interpreting an insurance policy. ***Todd v. Missouri United Sch. Ins. Council***, 223 S.W.3d 156, 160 (Mo. banc 2007). "The key is whether the contract language is ambiguous or unambiguous." ***Peters v. Emp'rs Mut. Cas. Co.***, 853 S.W.2d 300, 302 (Mo. banc 1993). If unambiguous, the policy will be enforced as written, absent statutory or policy considerations. ***Rodriquez***, 808 S.W.2d at 383. If ambiguity exists, the court interprets the policy in favor of the insured. ***Todd***, 223 S.W.3d at 160. "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." ***Burns v. Smith***, 303 S.W.3d 505, 509 (Mo. banc 2010), *quoting* ***Seeck v. Geico Gen. Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007). "Courts should not interpret policy provisions in isolation but rather evaluate policies as a whole." ***Ritchie v. Allied Prop. & Cas. Ins. Co.***, 307 S.W.3d 132, 135 (Mo. banc 2009). Courts must "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." ***Dibben v. Shelter Ins. Co.***, 261 S.W.3d 553, 556 (Mo. App. 2008). Courts must apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance." ***Seeck***, 212 S.W.3d at 132, *quoting* ***McCormack Baron Mgmt. Servs., Inc. v. American Guarantee & Liab. Ins. Co.***, 989 S.W.2d 168, 171 (Mo. banc 1999).

The parties agree that paragraph 1 unambiguously precludes stacking. This anti-stacking paragraph says UIM coverage in different State Farm policies will "not be added together" to determine the most an insured is paid. "[T]he maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies." An ordinary reader would understand this prohibition.

The Daughhetees argue that the policy is ambiguous because the first sentence of paragraph 3 refers to "excess" coverage. If a policy has "clauses that claim to prohibit 'stacking' and also contain[s] clauses that appear to authorize 'stacking,'" coverage is ambiguous and must be resolved in favor of the insured. **Jordan v. Safeco Ins. Co. of Ill.**, 2014 WL 128692, at *2 (8th Cir. Jan. 15, 2014).

The Daughhetees focus on one sentence, yet the Hyundai policy must be evaluated as a whole. *See* **Ritchie**, 307 S.W.3d at 135. This court will "endeavor to give each provision a reasonable meaning." **Dibben**, 261 S.W.3d at 556. This court is "not permitted to create an ambiguity in order to distort the language of an unambiguous policy." **Rodriquez**, 808 S.W.2d at 382. The issue is whether, read in its entirety, the Hyundai policy unambiguously prohibits UIM stacking.

Paragraph 1 expressly prohibits stacking. Paragraphs 2 and 3 categorize the UIM coverage as either primary or excess and establish State Farm's rules for proportioning payment when third-party coverage exists. Paragraphs 2 and 3 each direct the reader to the anti-stacking language in paragraph 1: "the State Farm Companies will pay the proportion of damages payable . . . as determined in 1. above." By focusing only on the first sentence of paragraph 3, the Daughhetees ignore both the remainder of the paragraph and its relation to the rest of the policy. A reasonable person, reading the Hyundai policy in its entirety, would know the stacking of UIM policies is prohibited. *Accord* **Ballard v. State Farm Mut. Auto. Ins. Co.**, 2012 WL 1085489 (E.D. Mo. Mar. 30, 2012); **Lee v. State Farm Mut. Auto.**, 2011 WL 5983370 (W.D. Mo. Nov. 30, 2011).

The Daughhetees rely on four decisions finding ambiguity where "excess coverage" language follows an anti-stacking provision in a UIM policy: *Niswonger*, 992 S.W.2d at 315; *Chamness v. American Family Mutual Insurance Company*, 226 S.W.3d 201-02 (Mo. App. 2007); *Ritchie*, 307 S.W.3d at 137; and *Manner v.*

*Schiermeier*, 393 S.W.3d 58, 64-65 (Mo. banc 2013). The relevant language from these policies (emphasis added) is:

### Niswonger

". . . the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit under any one such policy.

. . . .

*However*, any insurance provided under this endorsement for a person insured while occupying a *non-owned vehicle* is excess of any other similar insurance."

### Chamness

"The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy.

. . . .

*But*, any insurance provided under this endorsement for an insured person while occupying a *vehicle you do not own* is excess over any other similar insurance."

### Ritchie

"1. Any recovery for damages may equal but not exceed the highest applicable limit for any one vehicle under this insurance or other insurance providing coverage on either a primary or excess basis. . . .

2. Any coverage we provide with respect to a *vehicle you do not own* shall be excess over any other collectible underinsured motorist coverage."

### Manner

"The total limit of our liability under all policies issued to you by us shall not exceed the highest limit of liability under any one policy.

. . . .

*But*, any insurance provided under this endorsement for an insured person while occupying a *vehicle you do not own* is excess over any other similar insurance."

In each of these UIM policies, courts found ambiguity where an exception for a *non-owned* vehicle follows an anti-stacking provision. An "'ordinary person of average understanding' reasonably could conclude that the 'other insurance' clause set out an exception to this anti-stacking provision 'in the special situation where the insured is injured while occupying a non-owned vehicle.'" **Manner**, 393 S.W.3d at 65, *quoting* **Ritchie**, 307 S.W.3d at 137. Paragraph 3 of the "other coverage"

provision in the Hyundai policy is different. Its first sentence says: "Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage." This sentence does not create the ambiguity present in the *Manner*, *Ritchie*, *Niswonger* and *Chamness* policies.

The Daughhetees also rely on *DeMeo v. State Farm Mutual Auto Insurance Company*, 639 F.3d 413 (8th Cir. 2011). A tortfeasor there injured a pedestrian while operating a non-owned vehicle insured by another company. The tortfeasor was insured under four State Farm liability coverage policies. Citing the anti-stacking provisions in each policy, State Farm paid on only one policy. Each policy also had an "other coverage" provision: "If a . . . non-owned car . . . has other vehicle liability coverage on it . . . then this coverage is excess over such insurance." This court held that the phrase "other vehicle liability coverage" was a specific antecedent restricting excess coverage to third-party insurance (i.e., the other company's policy). **DeMeo**, 639 F.3d at 416. The Daughhetees claim that this rationale controls the interpretation of their policy. This reads *DeMeo* too broadly. *DeMeo* held that an antecedent phrase before the word "excess" was *sufficient* to render the policy unambiguous. It does not follow that an antecedent phrase is *necessary* for a policy to be unambiguous. Rather, the policy must be evaluated "as a whole." **Ritchie**, 307 S.W.3d at 135.

The Daughhetees also argue that a construction of the Hyundai policy that prohibits UIM stacking renders the policy illusory. Under Missouri law, an illusory promise is one that appears to be a promise, but in fact promises nothing. *See* **Cordry v. Vanderbilt Mortg. & Fin., Inc.**, 445 F.3d 1106, 1110 (8th Cir. 2006). The district court correctly ruled that the Hyundai policy is not illusory. Paragraph 1 permits payment of the highest applicable limit of any one State Farm UIM policy. That the applicable limits are the same does not render the policy illusory.

The Daughhetees rely on *Buck v. American Family Mutual Insurance Co.*, 921 S.W.2d 96 (Mo. App. 1996) and *Miller v. Ho Kun Yun*, 400 S.W.3d 779 (Mo. App. 2013).  In both cases, according to the insurer, payments from the tortfeasor should be offset against UIM coverage.   The *Buck* court found this "duplicitous and deceptive," rendering "illusory the very coverage the policy purports to provide." **Buck**, 921 S.W.2d at 98-99.  The *Miller* court found that the offset provision created "confusion and ambiguity."  **Miller**, 400 S.W.3d at 793.  Here, the parties agree that the tortfeasor's payment does not offset the Daughhetees' UIM coverage.

Because the district court found that the Hyundai policy unambiguously precluded policy stacking, it did not address State Farm's alternative argument that the UIM "Exclusions" in the Hyundai policy bar recovery for any insured other than Ronald or Melissa Daughhetee.  This court similarly declines to address the issue.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____