# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1903

_____

John Leallen Crain, Individually and on behalf of the statutory wrongful death class as set forth in R.S. Mo. 537.060

*Plaintiff - Appellant*

v.

State Farm Mutual Automobile Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 12, 2014
Filed: March 6, 2014

_____

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.

_____

RILEY, Chief Judge.

On April 5, 2010, John Crain and his wife, Janice, were traveling north on Missouri Highway 13 in their 1998 Ford Taurus when a southbound vehicle turned in front of them, causing a collision. Crain suffered serious injuries, and his wife tragically died as a result of the accident. After settling for the policy limit of the liability policy covering the owner and driver of the other vehicle, Crain, individually

and on behalf of the statutory wrongful death class that included him and the Crains' two children,[1] sought to recover under the underinsured motorist (UIM) coverage of the Crains' two automobile insurance policies with State Farm Mutual Automobile Insurance Company (State Farm). State Farm paid Crain and the class the UIM policy limits under the policy covering the 1998 Ford Taurus, but denied their claims under an identical policy covering the Crains' 1979 Pontiac Catalina, which was not involved in the accident. State Farm maintained the UIM coverage's anti-stacking[2] provision prevented recovery under the Pontiac policy.

On January 27, 2012, Crain sued State Farm in Missouri state court, seeking to recover UIM benefits under the Pontiac policy. State Farm removed the case to the Western District of Missouri based on diversity of citizenship. On cross-motions for summary judgment based upon stipulated facts, the district court[3] granted judgment to State Farm, concluding the State Farm policy unambiguously prohibited stacking UIM coverage limits.

Crain appeals, arguing he and the class are entitled to UIM benefits "pursuant to the express terms of the [Pontiac] policy as well as under Missouri Law construing ambiguities in favor of the insured." Crain's arguments are foreclosed by our

---

[1]See Mo. Rev. Stat. § 537.080.1(1) (allowing the spouse and children of a decedent to sue for wrongful death). The parties and the district court agree Missouri law applies to this diversity action. See 28 U.S.C. § 1332(a)(1).

[2]As relevant here, "'"[s]tacking" refers to an insured's ability to obtain multiple insurance coverage benefits for an injury . . . from more than one policy, as where the insured has two or more separate vehicles under separate policies.'" Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009) (en banc) (quoting Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo., 992 S.W.2d 308, 313 (Mo. Ct. App. 1999)).

[3]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

decision in <u>Daughhetee v. State Farm Mut. Auto. Ins. Co.</u>, No. 13-1185, 2014 WL 563579, at *1-4, 6 (8th Cir. Feb. 14, 2014), in which we affirmed the lower court's determination that the language in an identical State Farm automobile policy "unambiguously precluded policy stacking" of UIM coverage limits under Missouri law. We concluded "[a] reasonable person, reading the [State Farm] policy in its entirety, would know the stacking of UIM policies is prohibited." <u>Id.</u> at *4. Our reasoning and conclusions in <u>Daughhetee</u> apply with full force here. <u>See</u> <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("'It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.'" (quoting <u>Owsley v. Luebbers</u>, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam))).

Having carefully reviewed de novo the parties' respective briefs and the applicable law, we detect no basis for reversal. <u>See</u> <u>Daughhetee</u>, 2014 WL 563579, at *2, 4. Accordingly, we affirm without further comment. <u>See</u> 8th Cir. R. 47B(1), (4).

_____