BRIGHT, Circuit Judge,
dissenting.
I respectfully dissent. The district court correctly concluded that an ambiguity exists “in the policy language as it relates to Titan’s allegedly negligent application of TIAH to seal the concrete floor.”
Under Missouri law, ambiguity exists in an insurance policy “ ‘when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy’ ” and “ ‘[ljanguage is ambiguous if it is reasonably open to different constructions.’” Daughhetee v. State Farm Mut. Auto. Ins. Co., 743 F.3d 1128, 1132 (8th Cir.2014) (quoting Burns v. Smith, 303 S.W.3d 505, 509 (Mo.2010) (en banc)). In construing the terms of an insurance policy, this court “must apply ‘the meaning which would be attached by an ordinary person of average understanding if purchasing insurance.’ ” Id. (quoting Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 132 (Mo.2007) (en banc)). Additionally, under Missouri law, we strictly construe ambiguous policy exclusions and limitations against the insurer. Capitol Indem. Corp. v. 1105 Assocs., Inc., 340 F.3d 547, 550 (8th Cir.2003) (citing Standard Artificial Limb, Inc. v. Allianz Ins. Co., 895 S.W.2d 205, 209 (Mo.Ct.App.1995)); Bums, 303 S.W.3d at 509-10.
Here, a reasonable policy holder would expect that a liability insurance policy issued to a contractor in the business of cleaning and sealing concrete floors would cover injuries suffered as a result of exposure to the products used in cleaning and sealing floors. As much as twenty-five percent of Titan’s business includes applying concrete sealant after the completion of new construction. Thus, similar to the gasoline at issue in Hocker Oil Co., Inc. v. Barker-Phillips-Jackson, Inc., TIAH “is not a pollutant in [Titan’s] eyes.” 997 S.W.2d 510, 518 (Mo.Ct.App.1999). Rather, TIAH “belongs in the environment in which [Titan] routinely works” and “in that environment, [TIAH] is not a pollutant.” Id. Furthermore, in that environment, with ordinary ventilation, the product can be used safely. If any uncertainty exists as to whether the policy’s “pollution” definition excludes TIAH, the policy must be ambiguous. See Daughhetee, 743 F.3d at *888 1132. Moreover, this court has previously concluded that identical language defining “pollutant” is ambiguous. See Sargent Constr. Co., Inc. v. State Auto. Ins. Co., 23 F.3d 1324, 1327 (8th Cir.1994) (applying Missouri law).
Because the operative policy language is ambiguous, Titan’s interpretation of the pollution exclusion language controls. Therefore, I would affirm the district court.