# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2096
_____

Country Preferred Insurance Company

*Plaintiff - Appellee*

v.

Christopher Lee; Sandra Lee

*Defendants - Appellants*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 17, 2019
Filed: March 14, 2019
[Published]
_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Christopher Lee suffered serious injuries in a November 2016 car accident. The at-fault driver's insurance company paid Lee $100,000, the full amount of that driver's policy. But Lee had accrued more than $400,000 in medical bills, so he turned to Country Preferred Insurance Company, where he and his wife, Sandra Lee, had three auto insurance policies, one for each of their three vehicles. The Lees

sought $300,000 from Country Preferred, as each of their three policies included $100,000 in underinsured motorist (UIM) coverage. Country Preferred refused to pay, pointing to the policies' definition of an underinsured motorist, which limits UIM coverage to situations in which the at-fault driver's policy limit is less than the insured's UIM coverage limit, and to the policies' anti-stacking provision, which provides that an insured's UIM coverage limit is "the highest applicable limit of liability under any one policy," which in the Lees' case was $100,000. It filed suit against the Lees, seeking a declaratory judgment to that effect. The Lees brought counterclaims against Country Preferred for fraudulent misrepresentation and unjust enrichment under Missouri law. The district court[1] granted Country Preferred's motion for judgment on the pleadings. The Lees appeal, challenging only the dismissal of their fraudulent misrepresentation and unjust enrichment counterclaims.

We review the grant of judgment on the pleadings de novo, taking the non-movant's factual allegations as true and granting all reasonable inference in the non-movant's favor. Brinkley v. Pfizer, Inc., 772 F.3d 1133, 1136 (8th Cir. 2014). Judgment on the pleadings is appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. Id. at 1137.

On appeal, all parties agree that the anti-stacking provision bars the Lees from recovering any money from Country Preferred for the November 2016 car accident. The Lees contend that as a result, Country Preferred has committed fraud and has been unjustly enriched by collecting three separate premiums for UIM coverage, when the anti-stacking provision renders the UIM coverage in the Lees' second and third policies worthless in every circumstance, or to use the terminology of Missouri courts, "illusory." See Daughhetee v. State Farm Mut. Auto. Ins., 743 F.3d 1128,

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

1134 (8th Cir. 2014) ("Under Missouri law, an illusory promise is one that appears to be a promise, but in fact promises nothing.").

Midwestern Indemnity Co. v. Brooks, 779 F.3d 540 (8th Cir. 2015), forecloses the Lees' claims. In that case, this court explained that anti-stacking provisions did not render UIM coverage in multiple policies illusory because the premium paid for coverage under each policy "correspond[ed] with an increase in coverage." Id. at 547 (applying Missouri law). Specifically, the terms of the policies at issue in Midwestern Indemnity provided UIM coverage not only to "the named insureds and their family members," but also to "*any other person* occupying your covered auto." Id. (cleaned up). Thus, the premium paid "for each additional covered auto buys [UIM] coverage . . . for non-named, non-family passengers and drivers in that vehicle." Id. (cleaned up). The same is true of the Lees' policies. The Lees' UIM coverage extends to "anyone occupying an insured vehicle." It defines an insured vehicle as, among other things, "the vehicle described on the declarations page." Thus, payment for UIM coverage under the Lees' second and third insurance policies buys coverage for non-named, non-family passengers and drivers of the Lees' second and third vehicles. The UIM coverage in the Lees' second and third policies is not illusory.

The judgment of the district court is affirmed.

_____