# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1587
_____

Renae Strain

*Plaintiff - Appellant*

v.

Safeco Insurance Company of Illinois

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 11, 2019
Filed: September 3, 2019
[Unpublished]
_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.
_____

PER CURIAM.

After suffering severe injuries in a car accident, Renae Strain sought underinsured-motorist benefits from her family's insurer, Safeco Insurance Company, because the limits of the other driver's policy were too low to fully cover her injuries. Although Safeco paid her the policy maximum of $100,000, she demanded three times that amount because her family had three cars insured under

the policy. The district court[1] determined that the policy prohibits this sort of "stacking," and we agree.

This case presents a straightforward question of contract interpretation that we review de novo. *See Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins.*, 880 F.3d 1007, 1009 (8th Cir. 2018). Missouri law governs the policy, so we apply the plain and ordinary meaning of the terms used, looking to the policy "as a whole" and resolving any ambiguities in favor of the insured. *Ritchie v. Allied Prop. & Cas. Ins.*, 307 S.W.3d 132, 135 (Mo. banc 2009).

The policy sets a "maximum limit" of $100,000 "for all damages . . . arising out of bodily injury sustained by any one person in any one accident." (emphasis omitted). It goes on to say that, even if "more than one vehicle is insured under this policy . . . , the limits applicable to Underinsured Motorists Coverage *may not be stacked*." (emphasis added).

No other provision in the policy overcomes this express prohibition on stacking. *See Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 546 (8th Cir. 2015). Strain relies on a provision that says that "[a]ny underinsured motorist insurance we provide with respect to a vehicle [the insured does] not own shall be excess over any collectible underinsured motorist insurance providing coverage on a primary basis." The Missouri Supreme Court has held that this sort of language, on its own, can create ambiguity on whether coverage can be stacked. *See Ritchie*, 307 S.W.3d at 137–39. But unlike the policy in *Ritchie*, Strain's policy immediately clarifies this statement by saying that "the maximum limit of [Safeco's] liability shall not exceed the highest limit applicable to any one auto," which in this case was $100,000. This clarification, along with the provision expressly forbidding stacking, eliminates any ambiguity. *See, e.g.*, *Country Preferred Ins. v. Lee*, 918 F.3d 587, 588 (8th Cir. 2019) (per curiam) (interpreting a policy provision limiting coverage to "the highest

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

applicable limit of liability under any one policy"). Given the policy's clear language on this point, we conclude that stacking is unavailable. *See Brooks*, 779 F.3d at 546.

We accordingly affirm the judgment of the district court.

_____